Matter of People of the State of N.Y. v McQueen (2022 NY Slip Op 01404)





Matter of People of the State of N.Y. v McQueen


2022 NY Slip Op 01404


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 451825/19 Appeal No. 15429 Case No. 2021-00330 

[*1]In the Matter of The People of the State of New York by Letitia James, Attorney General of the State of New York, Petitioner-Respondent,
v
Ackerman McQueen, Respondent, National Rifle Association of America, Respondent-Appellant.


Brewer, Attorneys & Counselors, New York (Sarah B. Rogers of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew William Grieco of counsel), for State respondent.



Appeal from order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 10, 2020, which denied respondent National Rifle Association of America's (the NRA) motion for leave to renew or reargue the petition to compel full compliance with a nonjudicial subpoena duces tecum issued to respondent public relations contractor Ackerman McQueen (AMQ), unanimously dismissed, without costs, as moot.
The representation in the record by petitioner that full compliance with the subpoena was achieved prior to the entry of the order on appeal is uncontested (see Matter of Lefkowitz v Kershenberg, 56 AD2d 555, 555 [1st Dept 1977]), and the NRA failed to seek a preliminary stay pending determination of its motion or a stay pending appeal (see Matter of Henry St. Invs., Ltd. v Brennan, 153 AD3d 1402, 1403 [2d Dept 2017]). The NRA may raise its privilege issues in the currently pending enforcement proceeding brought by petitioner (see Matter of Roadway Express v Commissioner of N.Y. State Dept. of Labor, 66 NY2d 742 [1985]). The issue of whether the target of an investigation is entitled to approve disclosures by a third party to law enforcement is not novel (see S.E.C. v Jerry T. O'Brien, Inc., 467 US 735, 743 [1984]; compare Fomby-Denson v Department of Army, 247 F3d 1366 [Fed Cir 2001] [contracts barring reports to law enforcement contrary to public policy]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022